PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2000
THOMAS K. KAHN
CLERK

_____

No. 98-3747

_____

D. C. Docket No. 98-01522-CIV-T-26F

IN RE:  CELOTEX CORP.,

                                        Debtor.

SPEIGHTS & RUNYAN,

                                        Plaintiff-Appellant,

        versus

CELOTEX CORP., U.S. TRUSTEE,
KEVIN E. IRWIN,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 18, 2000)**

Before BIRCH, RONEY and FAY, Circuit Judges.

BIRCH, Circuit Judge:

This case presents an issue of first impression for this circuit. We must decide whether a creditor's attorney may recover fees and expenses for a "substantial contribution", 11 U.S.C. § 503(b)(3)(D), in a bankruptcy proceeding where the creditor has an adverse interest to the debtor. We hold that he may recover such fees and expenses. Accordingly, we REVERSE and REMAND.

## I. BACKGROUND

Appellant, the law firm of Speights & Runyan ("S&R"), petitioned the bankruptcy court for an award of attorneys' fees on the grounds that the firm and, in particular, attorney Daniel A. Speights, made a substantial contribution to the successful approval of a consensual plan of reorganization in the Chapter 11 bankruptcy proceeding. The bankruptcy judge denied the award on the grounds that S&R had an adverse interest to the debtors and that S&R's services were conducted on behalf of its clients and not for the particular benefit of the estate. The bankruptcy judge also concluded that, should his decision be reversed on appeal, S&R should be awarded compensation for 1,200 hours of work at a blended lodestar rate of $225.00 per hour, or a total of $270,000.00. The district court affirmed, finding that the bankruptcy judge did not abuse his discretion in refusing to award fees.

S&R brought its petition at the conclusion of a lengthy and complex

2

bankruptcy proceeding involving claims for asbestos related property damage and personal injuries. The debtors, Celotex Corporation and its subsidiary Carey Canada, Inc. ("Debtors"), filed voluntary petitions for reorganization under Chapter 11 of the bankruptcy code in 1990. Over the next six years, several proposed plans for reorganization were put forward by the debtors in an attempt to achieve a consensual plan. In addition to the debtors, the parties involved in the negotiations included the unsecured creditors' committee, the unofficial committee of co-defendants, the asbestos health claimants committee, the asbestos property damage claimants committee, and the legal representative of unknown bodily injury claimants. S&R represented several individual property damage claimants.

After a plan of reorganization was approved, S&R filed an Amended Application and Declaration for Attorneys' Fees (the "Application"), B.R. Doc. 11008,[1] pursuant to 11 U.S.C. § 503(b)(3)-(4). The only opposition to S&R's petition for administrative expenses came from the United States Trustee and the Asbestos Settlement Trust. The debtors and several committee representatives filed affidavits or testified in support of S&R's fee application.

---

[1]The record from the bankruptcy court was attached as an exhibit to R1-1 of the district court record. For ease of reference, all record citations are provided by using the bankruptcy court document number.

## II.  JURISDICTION

As an initial matter, we note that this court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(d).  Section § 158(d) grants us jurisdiction to hear appeals from final orders.  In a bankruptcy case, a final order is defined as an order that terminates any particular adversary proceeding.  See In re Hillsborough Holdings Corp., 116 F.3d 1391, 1393 (11th Cir. 1997).  The denial of S&R's fee petition is such an order, and jurisdiction is appropriate.

## III.  STANDARD OF REVIEW

We review an award or refusal to award attorney's fees for abuse of discretion.  In re Hillsborough Holdings Corp., 127 F.3d 1398, 1401 (11th Cir. 1997).  A bankruptcy judge abuses his discretion if he fails to apply the correct legal standard or his factual findings are clearly erroneous.  Id.  See also In re Prince, 40 F.3d 356, 359 (11th Cir. 1994) (holding that we review factual findings for clear error and legal conclusions de novo).

## IV.  SUBSTANTIAL CONTRIBUTION

A.  The Standard

Section 503 of Chapter 11 of the bankruptcy code provides that certain administrative expenses "shall be allowed" after notice and a hearing.  11 U.S.C. § 503(b) (emphasis added).  Included in the list of administrative expenses awarded

under § 503(b) are the expenses incurred by "a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders . . . in making a substantial contribution in a case under Chapter 9 or 11 of this title . . . ." Id. at § 503(b)(3)(D). Section 503(b)(4) provides for a related award of attorney fees. In creating these provisions, Congress did not specifically define the term "substantial contribution." As such, a conflict has developed among the circuits regarding whether the motivation behind a creditor's actions should disqualify him from receiving fees where a contribution has been made to the resolution of the bankruptcy proceeding. Compare In re DP Partners, Ltd., 106 F.3d 667, 673 (5th Cir. 1997) (noting that the plain language of the statute does not require "a self-deprecating, altruistic intent as a prerequisite to recovery . . . .") with Lebron v. Mechem Financial, Inc., 27 F.3d 937, 944 (3d Cir. 1994) (finding that the benefit to the estate "must be more than an incidental one" arising out of the pursuit of self-interest) and In re Lister, 846 F.2d 55, 57 (10th Cir. 1988) ("Efforts undertaken by a creditor solely to further his own self-interest . . . will not be compensable, notwithstanding any incidental benefit accruing to the bankruptcy estate."). We find the logic of the Fifth Circuit, as stated in DP Partners, compelling.

In interpreting a statute, we begin by examining the text and assigning the

"plain, ordinary, and most natural meaning" to terms not otherwise defined in the text itself. Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., 51 F.3d 235, 237 (11th Cir. 1995). In applying the plain meaning of the text, other circuits have held that a substantial contribution is one that "'foster[s] and enhance[s], rather than retard[s] or interrupt[s] the progress of reorganization.'" In re Consolidated Bancshares, Inc., 785 F.2d 1249, 1253 (5th Cir. 1986) (quoting In re Richton Int'l Corp., 15 B.R. 854, 856 (Bankr. S.D.N.Y. 1981)). See also Lebron, 27 F.3d at 944 (quoting Consolidated Bancshares).

The United States Trustee and the Asbestos Settlement Trust look beyond the plain language of the statute and rely on Lister and Lebron to support their argument that the bankruptcy judge was correct in considering S&R's motivation to determine whether the firm's actions "transcended self-protection." Lebron, 27 F.3d at 944. See also Lister, 846 F.2d at 57. This requirement is not indicated by the language of the statute. Indeed, the Fifth Circuit rejected this argument, noting that "nothing in the Bankruptcy Code requires a self-deprecating, altruistic intent as a prerequisite to recovery of fees and expenses under section 503." DP Partners, 106 F.3d at 673.

Examining a creditor's intent unnecessarily complicates the analysis of whether a contribution of considerable value or worth has been made. The Third

6

Circuit correctly observed that expenses are reimbursable only if they "'directly and materially contributed' to the reorganization." Lebron, 27 F.3d at 943 (quoting Steere v. Baldwin Locomotive Works, 98 F.2d 889, 891 (3d Cir. 1938)). See also Lister, 846 F.2d at 57 (stating that the test is "whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors."). The degree of benefit conferred or contribution made is "not diminished by selfish or shrewd motivations." DP Partners, 106 F.3d at 673. Accordingly, we adopt the Fifth Circuit's holding "that a creditor's motive in taking actions that benefit the estate has little relevance in the determination whether the creditor has . . . ma[de] a substantial contribution to a case." Id.

This holding is consistent with common sense. Congress chose to include creditors in the class of those who may receive administrative expenses and fees for a substantial contribution, see 11 U.S.C. § 503(b)(3), and it is difficult to imagine a circumstance in which a creditor will not be motivated by self-interest in a bankruptcy proceeding. To impose an altruism requirement on the ability to obtain administrative expenses under § 503(b)(3)-(4) would effectively render the section meaningless as to creditors.

B. S&R's Fee Application

Turning to the petition for fees in this case, we find that the bankruptcy

judge should have awarded fees to S&R for a substantial contribution. In his order denying the fee petition, the bankruptcy judge found that S&R "did perform the services stated in court in this case" but nevertheless found that the substantial contribution standard had not been met because S&R "had an adverse interest to the Debtors, and . . . the end result of Applicant's services were directed just as much toward Applicant's particular clients . . . as compared to the Debtors' estates . . . ." Order Denying Speights & Runyan's Amended Application and Declaration for Attorney's Fees (the "Order"), B.R.Doc. 11777, at 2. The bankruptcy judge also specifically rejected the holding of DP Partners that we today adopt. See Motions Hearing Transcript, Feb. 6, 1998 (the "Transcript"), B.R. Doc. 11816, at 225-26. We have determined that the motive of the petitioner should not be a factor in determining whether a substantial contribution has been made in the bankruptcy proceeding. If S&R produced evidence that they performed services constituting a substantial contribution, then an award of fees is appropriate.

In its fee petition, S&R set out in some detail the work which the firm considered to be a substantial contribution.[2] See generally, Application, B.R. Doc. 11008. In addition, several parties involved in the bankruptcy proceeding attested

---

[2]Specifically, the petition related Speights's prior experience with asbestos-related bankruptcies and the degree of involvement of Speights, both in mediation (at the request of the Debtors) and in plan negotiations with, among others, the representative of the bodily injury claimants. See Application, B.R. Doc. 11008, at 1-3, 5-6.

8

to the efforts of S&R to achieve a successful plan of reorganization. John Kozyak, the Asbestos Property Damage committee representative, submitted an affidavit in support of the fee petition which noted that S&R provided "extraordinary service" and that Speights "worked tirelessly for several years . . . to help the Debtors and other parties avoid an expensive, time consuming confirmation battle and develop a nearly consensual, confirmable plan of reorganization." Statement in Support of Speights & Runyan's Application and Declaration for Attorneys' fees, B.R. Doc. 11674, at 1. Kozyak also noted that S&R did this work with no assurance that the firm would be compensated. See id. The Debtors also filed a response to S&R's petition supporting the request and noting the "unique skill and expertise" contributed by the firm. Debtors' Response to Speights & Runyan's Application and Declaration for Attorneys' Fees, B.R. Doc. 11638, at 3.

Evidence was also presented at a hearing on various fee petitions held by the bankruptcy judge. See generally, Transcript, B.R. Doc. 11816. Speights testified that his actions went beyond simple representation of his clients when he worked to create a consensual plan of reorganization, and that, without his involvement, achievement of a consensual reorganization plan would not have been

accomplished.[3]  See id. at 86-88.  This testimony was supported by testimony from other parties.  Kozyak testified that Speights's knowledge, experience and the respect that Speights had earned from other parties made progress toward reorganization possible.  See id. at 91-94.  The Debtors' counsel, Mr. Warren, testified that the Debtors, while opposed to most petitions for fee awards, supported S&R's application.  See id. at 98-99.  The Debtors supported it because "the role that Mr. Speights played provide[d] the tangible and demonstrative benefit to the estate and the creditors of the estate.  Again, not just Mr. Speights' creditors."  Id. at 101.

The representative of the bodily injury claimants, Mr. Locks, also testified that successful negotiation of a consensual, and ultimately approved, plan of reorganization "couldn't have been done without Dan Speights because he really understood how to do it . . . ."  Id. at 134.  Indeed, the bankruptcy judge himself noted that the case was "phenomenally unique.  Three or four times larger than

---

[3]Specifically, Speights testified as follows.

> I could have represented my individual clients and ultimately gotten some money out of this, pursuant to some plan or liquidation process, if a deal had not been made . . . What I was asked to do . . . was to try to represent not only the claims of all property damage claimants . . . but to work with Celotex and [the bodily injury claimants] . . . in trying to put together . . . a consensual plan. . . .I will say but for my involvement I don't believe we would have had this deal.

Transcript, B.R. Doc. 11816, at 86-88.

10

Manville with a heck of a lot more people doing some really unique, again, energetic activities." Id. at 200.

The Settlement Trust and United States Trustee opposed the petition. The United States Trustee filed an objection with the court, which focused on specific expenses and fees which should not be allowed, but the Trustee did not argue that S&R did not make a substantial contribution. See United States Trustee's Objection to Speights & Runyan's Application and Declaration for Attorneys' Fees, B.R. Doc. 11667, at 2-3. Indeed, at the hearing, the United States Trustee stated that "[w]e do believe they did contribute substantially to the case." Transcript, B.R. Doc. 11816, at 151. The Settlement Trust included S&R's petition in its "Omnibus Objection" to all administrative expense potions filed. See Omnibus Objection of the Asbestos Settlement Trust to Various Administrative Claim Applications, B.R. Doc. 11219, at 20. In its briefs, however, the Settlement Trust acknowledged that, because "the Trust did not participate in the bankruptcy cases . . . it does not have enough knowledge about the relative contributions of the Law Firm Claimants [including S&R]" to effectively oppose the claims on the merits. Id.

In sum, the evidence accepted as true by the bankruptcy judge was that S&R, and Speights in particular, played a significant role in the successful

negotiation of a consensual plan, and that a large portion of credit for achievement of the plan was attributable to Speights because of his credibility and the experience in asbestos-related bankruptcy that he brought to the process. In DP Partners, a substantial contribution was found by the bankruptcy court where a creditor's intervention led to an increase in the asset pool of $3,000,000. See 106 F.3d at 673. We refrain today from defining with specificity what constitutes a substantial contribution. We do find, however, that where, as here, evidence supports the conclusion that without S&R's efforts a reorganization plan may not have been achieved, a substantial contribution has been demonstrated. Accordingly, we REVERSE the district court's decision.

## V.  AMOUNT OF FEES

Our inquiry does not end with the substantial contribution analysis. In an alternative holding, the bankruptcy judge determined that, should S&R be found to have made a substantial contribution, then 1200 hours of S&R's work would be compensable under § 503(b)(4). Order, B.R. Doc. 11777, at 2. S&R does not appeal that decision. S&R does challenge the lodestar rate of $225.00 per hour used by the bankruptcy judge to determine the total dollar amount of fees.

Section 503(b)(4) expressly provides that allowable attorney compensation should be "based on the time, the nature, the extent, and the value of such services,

12

and the cost of comparable services other than in a case under this title . . . ." 11 U.S.C. § 503(b)(4). This standard is identical to the standard in § 330(a)(1) which provides for attorney's fees for counsel to the bankruptcy trustee. See 11 U.S.C. § 330(a)(1). In Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990), we held that a judge must calculate the hourly rate using twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Grant, 908 F.2d at 877-78. In addition, a judge determining a fee award must explain how his consideration of the Johnson factors affected the award. Id. In other words, the judge may not simply announce the rate, but must also set out in the record how he determined that rate.

In the Order, the bankruptcy judge did not explain how he determined that $225.00 per hour was the appropriate rate at which to compensate S&R. Turning to the hearing transcript, the only reference to the hourly rate determination is the following statement by the bankruptcy judge:

> [T]he lodestar for each firm would have been $225 an hour. I reject their mathematical blending hourly rate of $356 an hour or thereabouts. Not suggesting that none of those parties would be worth it, but that's not what we've been paying around here.

Transcript, B.R. Doc. 11816, at 227.

We make no judgment as to the adequacy of the rate determined by the bankruptcy judge. It is possible that he considered all of the appropriate factors in

13

determining the rate set forth in the Order. Nevertheless, because the record provides no explanation for the hourly rate chosen, we must REMAND this case for determination of the appropriate hourly rate to be applied for the 1,200 hours of work for which S&R is to receive compensation.

## VI. CONCLUSION

We find that the bankruptcy judge abused his discretion by applying the wrong legal standard, and the district court erred in finding no abuse of discretion. Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.

RONEY, Circuit Judge, dissenting:

I respectfully dissent. I would remand the case to the bankruptcy court to determine whether the services for which Speights and Runyan seek to be compensated constitute a substantial contribution under 11 U.S.C. § 503(b)(3) & (4), under the correct legal standards. Assuming that the court correctly holds that the bankruptcy court applied the wrong legal principle in examining the facts, that court should make the final factual determination without that legal error, not this Court.