File Name: 06a0427n.06

Filed: June 22, 2006

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 05-1873**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| In re: VELTRI METAL PRODUCTS, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| KEMP, KLEIN, UMPHREY, ENDELMAN AND MAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANKRUPTCY ESTATE OF VELTRI METAL PRODUCTS, INC., | ) | |
| | ) | |
| Appellee. | ) | |

Before: BOGGS, Chief Judge; MOORE and COOK, Circuit Judges.

COOK, Circuit Judge. Kemp, Klein, Umphrey, Endelman and May, a law firm that represented the unsecured creditors' committee in a Chapter 11 bankruptcy proceeding, appeals the bankruptcy court's denial of its application for fees. Because the bankruptcy court applied an erroneous legal standard in denying Kemp Klein's application, we reverse and remand for further consideration.

I

Kemp Klein served as counsel to the unsecured creditors' committee during voluntary bankruptcy proceedings initiated by Veltri Metal Products. Kemp Klein received interim awards of attorneys' fees totaling $53,344.80. When the bankruptcy court converted Veltri's bankruptcy from a Chapter 11 proceeding to a Chapter 7 liquidation, Kemp Klein submitted its final request for fees in the amount of $83,638.92, less the amount it had already received in interim awards. The bankruptcy court denied Kemp Klein's fee request, concluding that the firm's services were not reasonably likely to benefit the estate because the unsecured creditors were unlikely to receive a distribution. But the court pointed to one potential exception: Kemp Klein's investigation into fraudulent and preferential conveyances. Thus the court denied Kemp Klein's fee application "without prejudice to the applicant's right to file an application for fees identifying specifically the services rendered in investigating preferences and fraudulent conveyances." The firm moved the court to reconsider, but the court denied the motion. Kemp Klein appealed to the district court, and that court affirmed. Kemp Klein now appeals to this court, arguing that the bankruptcy court applied the wrong legal standard and clearly erred in its findings of fact.

II

A. Jurisdiction

Before we reach the merits of Kemp Klein's appeal, we must determine whether we properly may exercise appellate jurisdiction. "The courts of appeals . . . only have jurisdiction to hear bankruptcy appeals when both the bankruptcy and district courts' orders are 'final.'" *Taunt v. Vining (In re M.T.G., Inc.)*, 403 F.3d 410, 413 (6th Cir. 2005); *see* 28 U.S.C. § 158(d)(1). This appeal asks whether the bankruptcy court's order denying Kemp Klein's application "without prejudice" to its submitting a more limited application is a final order.

In bankruptcy proceedings, we consider the finality requirement "in a more pragmatic and less technical way . . . than in other situations." *Lindsey v. O'Brien (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996) (quotation omitted); *see also Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 128 F.3d 449, 451 (6th Cir. 1997) ("The authors of one treatise note . . . that '[v]irtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.'" (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3926.2 (2d ed. 1996) (alternation original)). The "more relaxed rule of appealability in bankruptcy cases . . . avoid[s] the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved." *In re Dow Corning Corp.*, 86 F.3d at 488 (quotation omitted). Two general principles affect our analysis of this relaxed finality standard: first, an interim fee award is not a final order, *see Boddy v. U.S. Bankr. Court (In re Boddy)*, 950 F.2d 334, 336 (6th Cir. 1991); and second, a denial of fees is a final order, *see Beneke Co. v. Economy Lodging Sys., Inc. (In re Economy Lodging Sys., Inc.)*, 234 B.R. 691, 693 (B.A.P. 6th Cir. 1999).

The first rule, that interim fees are not final (and thus not appealable), operates to avoid piecemeal appeals. An applicant awarded an interim fee likely will continue to provide services, incur costs, and apply for fees for its future services. Interim fees awarded to an applicant remain subject to re-examination, adjustment, and disgorgement. *See Specker Motor Sales Co. v. Eisen*, 393 F.3d 659, 662-63 (6th Cir. 2004). In essence, an interim fee award is an advance on a later-determined total fee award. *See In re Four Seas Ctr., Ltd.*, 754 F.2d 1416, 1419 (9th Cir. 1985). So long as fee applicants reasonably expect to render additional services in a bankruptcy proceeding, appeals of interim fee awards undermine judicial economy. But circumstances foretelling the likely cessation of an applicant's role in the proceedings may support the exercise of jurisdiction. *See, e.g.*, *In re Spillane*, 884 F.2d 642, 645 (1st Cir. 1989) ("The attorney for the trustee was appointed specifically to handle the appeal on the transfer of venue. When we dismissed the appeal for lack of jurisdiction, the attorney's authorized services were terminated. Thus, further applications will not be forthcoming . . . . [W]e conclude that the award of attorney's fees should be treated as final.").

This case does not present the piecemeal-appeal problem associated with interim fee awards because Kemp Klein's role under 11 U.S.C. § 1103, as counsel to the unsecured creditors' committee, effectively ended with the conversion of the case to a Chapter 7 liquidation. The denied application—titled "Kemp Klein's First and Final Application for Allowance of Fees and Expenses"—as in *In re Spillane*, lacked the circumstantial features of an interim (non-appealable) fee application. The general rule regarding interim fees, then, does not prevent us from hearing this appeal.

The second general rule, that a denial of fees is a final order, validates our exercise of jurisdiction. *See, e.g.*, *Speights & Runyan v. Celotex Corp. (In re Celotex Corp.)*, 227 F.3d 1336, 1337-38 (11th Cir. 2000); *In re Economy Lodging Sys., Inc.*, 234 B.R. at 693. Though the fees denial here preserved the applicant's right to reapply for a limited type of fees, that aspect of the judgment did not render it non-final.

"[I]t is well settled that the fact that a judgment is subject to reservations or conditions does not automatically deprive a judgment of finality." *Futernick v. Sumpter Twp.*, 207 F.3d 305, 311 (6th Cir. 2000). Nor does the mere possibility of future fee applications necessarily determine finality. *See, e.g.*, *In re Boddy*, 950 F.2d at 336 (permitting a post-confirmation appeal of an interim fee award because, even though "the law firm [could] request additional fees for post-confirmation services, the bankruptcy court [could] not increase the interim fee award due to the express . . . limitation [that it applied to the interim award]").

Beyond the bankruptcy context, finality under these circumstances would be a close call. The First Circuit, in a non-bankruptcy case, found that a situation very similar to this one "present[ed] a particularly difficult problem." *Garcia-Goyco v. Law Envtl. Consultants*, 428 F.3d 14, 18 (1st Cir. 2005) (declining to decide the question of finality, but noting that it "view[ed] the district court's order as being 'with prejudice' to another [fee] request based on the same evidence, but 'without prejudice' to a new motion based on additional evidence," and "[i]n such circumstances, a single judgment can preclude further litigation of particular issues, while still

permitting further litigation on other issues and the underlying claim itself"). But because "the

'finality' requirement applies differently in the bankruptcy context," the non-bankruptcy dilemma

need not detain us. *In re Saco Local Dev. Corp.*, 711 F.2d 441, 443 (1st Cir. 1983) (holding that,

although the issue would be close outside of bankruptcy, the bankruptcy court's order was final).

The bankruptcy court reached a final determination that Kemp Klein could not recover its requested

fees because its services lacked a reasonable likelihood of benefitting the estate. The reservations

the bankruptcy court appended to its initial denial of Kemp Klein's fee request, permitting a limited

refiling for specific services, do not alter the finality of the order.[1]  And given that this case does not

present an interim-award piecemeal-appeal problem, we conclude that the bankruptcy court's order

was an appealable final order. *Cf. Tiboni v. Cleveland Trinidad Paving Co.*, 36 F.3d 533, 534 (6th

Cir.1994) (assuming jurisdiction without discussing finality where district court's order dismissed

an action without prejudice subject to reopening upon motion by either party).

## B.  The Merits

We now turn to the merits of Kemp Klein's appeal.  We apply direct review to the

bankruptcy court's determination, *Bank of Montreal v. Am. HomePatient, Inc. (In re Am.

HomePatient, Inc.)*, 414 F.3d 614, 617 (6th Cir. 2005), and we reverse only for abuse of discretion.

*Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 920 (6th Cir. 2004).  "An abuse of

---

[1]Addressing Kemp Klein's motion for reconsideration, the bankruptcy court noted that the firm "did not accept" its invitation to resubmit a more specific fees application.  This implicit withdrawal of the invitation further supports our jurisdiction in this case.

discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Id.*

The Bankruptcy Code permits bankruptcy courts to award attorneys "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1)(A). The Code prohibits a court from awarding fees, however, for: "(i) unnecessary duplication of services; or (ii) services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." *Id.* § 330(a)(4)(A).

The bankruptcy court determined that § 330(a)(4)(A) prevented it from awarding Kemp Klein fees because the firm's services were not "reasonably likely to benefit the debtor's estate." Specifically, the court concluded that "there has been and will be no distribution to the unsecured creditors, nor does it appear that there ever was a reasonable likelihood of a distribution." In initially examining only the benefit to the debtor's estate, the court overlooked administrative necessity as an alternative basis for awarding fees. But the court briefly turned to administrative necessity in denying Kemp Klein's motion for reconsideration:

> [T]he court remains satisfied that the record of this proceeding does not justify a finding that the services for which the applicant seeks compensation were necessary to the administration of the estate or reasonably likely to benefit the estate. The record firmly establishes that . . . the assets were of insufficient value for the unsecured creditors to reasonably expect any dividend . . . .

Assuming that the bankruptcy court's mention of administrative necessity remedied its failure to consider it in the first instance, we nevertheless reverse, faulting the court's view that neither benefit to the estate nor administrative necessity can be demonstrated in the absence of a likelihood of a distribution to the unsecured creditors.

Many courts have held that a benefit to the estate need not be a direct economic benefit. *See, e.g.*, *In re Holder*, 207 B.R. 574, 584 (Bankr. M.D. Tenn. 1997) (collecting cases reaching this conclusion). And even if the benefit to the estate must be economic, it does not follow that counsel's services must result in an economic benefit to the *unsecured creditors*. The Code speaks of a "benefit [to] the debtor's estate," and "the . . . estate is comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192, 196 (6th Cir. 1996) (quoting 11 U.S.C. § 541(a)(1) (1988)). An attorney's actions may benefit the estate even where, under the payment priorities established in the Bankruptcy Code, no reasonable probability of a distribution to the unsecured creditors exists.[2]

Further, the bankruptcy court erroneously equated administrative necessity with a distribution to unsecured creditors (or a reasonable likelihood of such a distribution). Services may be "necessary to the administration of the case" without financially benefitting the estate. *See, e.g.*, *Van Cott, Bagley, Cornwall & McCarthy v. B.R. & F., L.C. (In re Ricci Inv. Co., Inc.)*, 217 B.R. 901,

---

[2]For instance, where a bankruptcy estate experiences continuing diminution during the pendency of a Chapter 11 petition, a motion by counsel to convert the bankruptcy to Chapter 7 pursuant to 11 U.S.C. § 1112 will almost certainly benefit the estate, even though the estate's assets may be insufficient to result in a distribution to unsecured creditors.

906-07 (D. Utah 1998) (reversing the bankruptcy court's denial of fees incurred in defending an earlier fee application because, although the reorganization plan was already confirmed and the applicants' actions did not benefit the estate, the fees were "unavoidably incurred"); *In re Thrifty Oil Co.*, 205 B.R. 1009, 1019 (Bankr. S.D. Cal. 1997) ("Services of the type rendered by [the creditors' committee's accountant] were not undertaken with an expectation of monetary benefit. Rather, they were rendered in furtherance of the [official creditors' committee's] duties under 11 U.S.C. § 1103(c)(2) and (3)."). The absence of a reasonable likelihood of a distribution to the unsecured creditors may be relevant in determining an award of fees, *see generally Thrifty*, 205 B.R. at 1019-20, but it is not the sole consideration in examining whether services were necessary "to the administration of the case." 11 U.S.C. § 330(a)(4)(A)(ii)(II).

Kemp Klein additionally argues that the bankruptcy court relied on a clearly erroneous finding of fact when it determined that the unsecured creditors never enjoyed a reasonable likelihood of distribution from the bankruptcy estate. The firm points out that the bankruptcy court reached an apparently contradictory conclusion in a later fee award. Our conclusion that the bankruptcy court applied the wrong legal standard to Kemp Klein's fee request obviates our consideration of Kemp Klein's argument, which the bankruptcy court may address on remand.

III


Because the bankruptcy court abused its discretion in determining that § 330(a)(4)(A)(ii) prohibited it from awarding fees to Kemp Klein, we reverse the district court's judgment affirming the bankruptcy court, and remand for further consideration in accordance with this opinion.