*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 11b0010n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: Gainey Corporation, *et al.*, <br> Debtors. <br> _____ <br><br> Barry P. Lefkowitz, as Liquidation Trustee of <br> the Gainey Companies Liquidation Trust, <br> Plaintiff - Appellee, <br><br> v. <br><br> Harvey N. Gainey, Sr., <br> Defendant - Appellant. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 10-8090 <br> ) <br> ) <br> ) <br> ) <br> ) |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan
Case No. 08-09092, Adversary Proceeding No. 10-80556

Argued: November 1, 2011

Decided and Filed: December 6, 2011

Before: FULTON, McIVOR, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Kevin Abraham Rynbrandt, RYNBRANDT & ASSOCIATES, PLLC, Grand Rapids, Michigan, for Appellant. Judith Greenstone Miller, JAFFE RAITT HEUER & WEISS, PC, Southfield, Michigan, for Appellee. **ON BRIEF:** Kevin Abraham Rynbrandt, RYNBRANDT & ASSOCIATES, PLLC, Grand Rapids, Michigan, for Appellant. Judith Greenstone Miller, Jay L. Welford, Jonathan C. Myers, JAFFE RAITT HEUER & WEISS, PC, Southfield, Michigan, for Appellee.

1

---

**OPINION**

---

THOMAS H. FULTON, Bankruptcy Appellate Panel Judge.  Appellant[1] and Appellee negotiated and agreed to settle a variety of issues arising in the main bankruptcy case.  As part of that settlement, certain related adversary proceedings were to be dismissed while others would continue.  The settlement was put on the record in a hearing presided over by a visiting bankruptcy judge.  To implement the oral settlement, Appellee tendered an order dismissing with prejudice the adversary proceeding that is the subject of this appeal.  That order contained a paragraph (the "Reservation Paragraph") that stated that such dismissal would not affect any of the issues in a separate adversary proceeding against Appellant.  Appellant objected to that tendered order, arguing that such express reservation of rights was not part of the oral settlement put on the record previously.  The regularly assigned bankruptcy judge, not the visiting judge, signed Appellee's tendered order and annotated it with a statement that he had consulted with the visiting bankruptcy judge and determined that the tendered order accurately reflected the intent of the court with respect to the settlement.  Appellant has appealed the dismissal order (the "Appealed Order") on grounds that the reservation of rights was not agreed to by Appellant but was improperly added by the bankruptcy judge. For the reasons that follow,  the Panel AFFIRMS the Appealed Order.

## I.  ISSUE ON APPEAL

Did the bankruptcy court err by entering the Appealed Order containing the Reservation Paragraph?

---

[1]This appeal was filed by both Harvey N. Gainey, Sr. and Gainey Aircraft Corporation. Gainey Aircraft Corporation was dismissed as a party for lack of standing.

2

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "BAP") has jurisdiction to decide this appeal. The United States District Court for the Western District of Michigan has authorized appeals to the BAP, and none of the parties has elected to have these appeals heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1).

A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497, (1989) (citations omitted). "The concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation." *Millers Cove Energy Co., Inc. v. Moore* (*In re Millers Cove Energy Co., Inc.*), 128 F.3d 449, 451 (6th Cir. 1997). The finality requirement is considered "in a more pragmatic and less technical way in bankruptcy cases than in other situations . . . In bankruptcy cases, a functional and practical application [of Section 158] is to be the rule." *In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996). In bankruptcy cases, an order that finally disposes of discrete disputes within a larger case may be appealed immediately. *Id.* This relaxed rule avoids the "waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved." *Kemp v. Veltri Metal Prods., Inc.* (*In re Veltri Metal Prods., Inc.*), 189 F. App'x 385 (6th Cir. 2006) (unpub.) (citing *In re Dow Corning Corp.*, 86 F.3d at 488.)

In entering the Appealed Order, the bankruptcy court made a factual finding that the parties had in fact agreed to the substance of the Reservation Paragraph when they read the terms of their settlement into the record on November 3, 2010. Findings of fact are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013; Fed. R. Civ. P. 52; *In re Buttermilk Towne Center, LLC,* No. 10-8036, 10-8046, 10-8062, 2010 WL 5185870 (B.A.P. 6th Cir. 2010); *Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.,* No. 08-4537, 2010 WL 2219865 (6th Cir. 2010). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed.'" *Rhiel v. Waller* (*In re Waller*)*,* No. 10-8016, 2010 WL 3521956 (B.A.P. 6th Cir. 2010).

## III. FACTS

The bankruptcy court set an evidentiary hearing in the main bankruptcy case for November 3, 2010, on the objections of Appellee to four administrative expense claims filed by, *inter alia*, Harvey Gainey and Gainey Aircraft Corporation ("GAC"). A visiting bankruptcy judge presided over the hearing. At the time of the November 3, 2010 hearing, several adversary proceedings were pending, including *Barry P. Lefkowitz, As Liquidation Trustee of the Gainey Companies Liquidation Trust v. Gainey Aircraft Corporation and Harvey N. Gainey, Sr.*, Adversary Proceeding No. 10-80556 (the "GAC Adversary Proceeding"); *Barry P. Lefkowitz, As Liquidation Trustee of the Gainey Companies Liquidation Trust v. Harvey N. Gainey, Sr.*, Adversary Proceeding No. 10-80678 (the "Harvey Gainey Adversary Proceeding"); and *Barry P. Lefkowitz, As Liquidation Trustee of the Gainey Companies Liquidation Trust v. Gainey Realty and Investment Corporation*, Adversary Proceeding No. 10-80555 ("GRIC Adversary Proceeding"). In the GAC Adversary Proceeding, the Liquidation Trustee asserted claims primarily under Bankruptcy Code §§ 547(b) and 548(a) against GAC. One of the ten counts in the complaint sought relief against Appellant, Harvey Gainey, Sr., only to the extent he holds the assets of GAC as a result of GAC's purported dissolution.[2] In contrast, in the Harvey Gainey Adversary Proceeding, the Liquidation Trustee asserted claims under §§ 547 and 548 directly against Harvey Gainey, Sr.

---

[2]The allegations in the complaint against Harvey Gainey, Sr. are,

> 130. The Liquidation Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were set forth herein at length.
> 131. Upon the filing of the Certificate of Dissolution, the assets of GAC were deemed transferred to GAC's shareholders subject to the claims of GAC's creditors.
> 132. Upon information and belief, HNG is the sole shareholder of GAC.
> 133. Upon information and belief, HNG holds the assets of GAC subject to the claims of the Liquidation Trustee.

On November 3, 2010, prior to the commencement of the scheduled evidentiary hearing, the respective parties settled all four of the administrative expense claims, as well as the GAC Adversary Proceeding. At the November 3, 2010 hearing, the visiting bankruptcy judge directed the parties to place the terms of the settlement on the record. Counsel for Appellant stated as follows concerning the GAC Adversary Proceeding:

> The second claim, Your Honor, is the claim by Gainey Aircraft Corporation. And in that instance, we have agreed that that claim will be withdrawn with prejudice, and at the same time, that the adversary proceeding, case number 10-80556, the Liquidation Trustee v. Gainey Aircraft Corporation, will also be withdrawn with prejudice. So we're dropping both the admin claim and that adversary proceeding in their entirety.

(Tr. at p.5, lines 6-13). Counsel for Appellant also stated as follows concerning the other pending adversary proceedings:

> And then also, Your Honor, there are several other adversary proceedings pending against what I believe the bankruptcy plan defined as insiders. They involve individuals...., a complaint against Harvey Gainey, against his son, Harvey Gainey, the Third, and all others that would fit that category. We agreed that the answer deadline for the answers to those adversary complaints, if the Court would allow it, would be extended to December 15, 2010. And the reason for that, Your Honor, is we're trying to resolve everything, and we've discussed a framework for settlement going forward of all the adversaries that are still there.

(Tr. at p. 7, lines 7-18).

After all of the terms of the settlement were placed on the record by counsel for Appellant, the Court asked counsel for Appellee if she had anything to add, as follows:

> Ms. Miller, same here. You're acting on authority of – with the trustee and I think this is a welcome and a fair compromise to get just the cost of litigation, going forward, to do all this and get you now down focused to the resolution of the adversaries, which is the bigger fish to fry, so to speak. Anything else, then, you need to put in the record?

5

(Tr. at p. 8, lines 20-25, p. 9, line 1). Counsel for Appellant then made a few clarifications to the record, including the following:

> I'm sorry. I had forgotten in the case, with respect to the Gainey Real Estate settlement, there's one clarification with regard to it that Mr. Rynbrandt did not put on the record with respect to it. But I don't think there's any issue that this was part of the agreement. Our determination to give Gainey Real Estate a 100,000 dollar allowed claim does not constitute a finding or have any impact or effect with regard to any of the claims that are in the adversary proceeding that the trustee has brought. So it doesn't have any precedential, res judicata or any other benefit. All claims that are there are left open to be resolved in the adversary proceeding.

(Tr. at p. 11, lines 18-25, p. 12, lines 1-4).

To accomplish the settlement reached on November 3, 2010, Appellee submitted a proposed order in the GAC Adversary Proceeding, which contained two operative paragraphs, including the Reservation Paragraph, which read as follows:

> 1. The above-captioned adversary proceeding (the "GAC Adversary Proceeding") is dismissed with prejudice, and without costs to either party
>
> 2. The dismissal of the GAC Adversary Proceeding shall not impact, effect, prejudice or otherwise constitute a determination or release of any of the issues raised by the Liquidation Trustee in the separate adversary proceeding, entitled *Lefkowitz, As Liquidation Trustee of the Gainey Companies Liquidation Trust v. Harvey N. Gainey, Sr.*, Adversary Proceeding No. 10-80678-jdg, commenced by the Liquidation Trustee against Harvey N. Gainey, Sr.

Appellee submitted the proposed order with a Notice of Presentment of Order, which advised the bankruptcy court of the parties' disagreement over the terms of the dismissal order. Indeed, Appellant filed an objection to the proposed order, asserting that the Reservation Paragraph was not part of the settlement and should not be added to the order. Appellee replied that there was nothing in the settlement record that any claims against Appellant would be dismissed or compromised in any way and that the language of the second paragraph was intended to avoid a later argument by Appellant that dismissal of the single count against Appellant in the GAC Adversary Proceeding

6

served to compromise any claim against Appellant in the Harvey Gainey Adversary Proceeding. According to Appellee, "it had been overlooked by all parties" that Appellant was a named defendant in the GAC Adversary Proceeding.

The regularly assigned bankruptcy judge, not the visiting bankruptcy judge, entered the Appealed Order as tendered. That judge added the following handwritten statement to the order: "The signing judge has consulted with the visiting presiding judge, Honorable David T. Stosberg, who handled this adversary proceeding and has determined that the form and content of this order adequately sets forth the intent of the court."

## IV. DISCUSSION

A court must enforce a settlement "as agreed to by the parties and is not permitted to alter the terms of the agreement." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (citing *In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 687 F.2d 626, 629 (2d Cir. 1982)). The question here is whether the bankruptcy court's finding that the parties had previously agreed to the substance of the terms embodied in the Reservation Paragraph was clearly erroneous.

Examining the transcript of the November 3, 2010 hearing in which the parties placed their settlement on the record, there clearly is no express statement of the parties intention one way or the other as to the preclusive effect or lack thereof of the dismissal of the GAC Adversary Proceeding. However, Appellant did put on the record the parties' agreement to extend the deadline for filing an answer in the Harvey Gainey Adversary Proceeding so that the parties could continue to try to settle that case and others. Appellant's counsel did so without indicating any intention to claim an additional benefit for Harvey Gainey, Sr. in the Harvey Gainey Adversary Proceeding as a result of the settlement. He did not disclose an intention to assert that the dismissal of the GAC Adversary Proceeding has preclusive effect with respect to the counts asserted against Harvey Gainey, Sr. in the Harvey Gainey Adversary Proceeding. Based on this silence, coupled with the Appellant's affirmative request for an extension of time to file an answer, the bankruptcy court concluded the

7

parties did not intend for the settlement of the GAC Adversary Proceeding to have preclusive effect in the Harvey Gainey Adversary Proceeding. Appellant has argued that the failure of the parties expressly to disclaim preclusive effect with regard to the Harvey Gainey Adversary Proceeding where they did so with regard to the GRIC Adversary Proceeding shows that the parties did not intend to disclaim preclusive effect with respect to the Harvey Gainey Adversary Proceeding. Although there is such a statement with respect to the agreement by Appellee to pay $100,000 on one of the administrative claims and the lack of preclusive effect of that agreement in the GRIC Adversary Proceeding, the bankruptcy court was unpersuaded by Appellant's argument.

The Panel's review of the transcript of the November 3, 2010 hearing does not leave the Panel with the definite and firm conviction that a mistake has been committed. The Panel finds that Appellant's request for an extension of time to file an answer expressly to try to settle the Harvey Gainey Adversary Proceeding, together with its silence at the time regarding a preclusion defense, was sufficient evidence for the bankruptcy court to have found that the parties did not intend for the dismissal of the GAC Adversary Proceeding to have preclusive effect in the Harvey Gainey Adversary Proceeding. The Panel, therefore, affirms the bankruptcy court's finding of the same in the Appealed Order.

## V.  CONCLUSION

For the foregoing reasons,  the Panel AFFIRMS the Appealed Order.

8