SCOTT W. DALES, Bankruptcy Appellate Panel Judge.
The appellants in this case, Sarah and Kevin Dean (the "Deans" or the "Appellants"), objected to the Application for Allowance of Interim Compensation and Reimbursement of Expenses ("Interim Fee Application") filed by Neil C. Bordy, on behalf of Seiller Waterman LLC, for its representation of Linda Lane ("Ms. Lane" or the "Debtor") in her chapter 13 bankruptcy case. The U.S. Bankruptcy Court for the Western District of Kentucky (the "Bankruptcy Court") overruled their objections and entered interim orders allowing fees. The Deans now appeal.[1]
In response, the Debtor argues that this appeal is not ripe because the Deans do not appeal from final orders, and because the Deans have not obtained leave for an interlocutory appeal.
The Panel will dismiss the appeal on jurisdictional grounds, finding that (i) the orders granting interim fees to Debtor's counsel are not final orders, and (ii) the record presents no grounds for granting leave to appeal under well-settled Sixth Circuit case law, even treating the pro se notice of appeal as a motion for leave to appeal under Federal Rule of Bankruptcy Procedure 8004(d). The Panel, therefore, does not reach the merits of the appeal.
FACTS
In June 2014, three years before filing her bankruptcy petition, Ms. Lane sold her residence to the Deans. They subsequently discovered mold in the basement and filed a civil complaint against her. The state court submitted the parties' dispute to binding arbitration, the arbitrator found for the Deans, awarding them a total of $ 126,895.57, and a Kentucky trial court entered judgment on the award against Ms. Lane.
The Deans filed their judgment lien against Ms. Lane's current residence on May 18, 2017. Largely to address this dispute, she filed a voluntary chapter 13 petition on July 14, 2017, in the Bankruptcy Court. Ms. Lane, now a bankruptcy debtor, *597 simultaneously filed her proposed chapter 13 plan (the "Plan"). The Bankruptcy Court confirmed the Debtor's Plan over the Deans' objection. The Deans did not appeal the confirmation order.
Since the entry of the confirmation order, the Deans have filed several adversary proceedings and appeals to avoid its effect. As a result, the Bankruptcy Court sanctioned the Deans, awarding attorney fees to the Debtor for the Deans' contemptuous behavior. The Deans appealed from the sanction orders and those appeals, which are not addressed in today's opinion, remain pending before the Panel.[2]
The Deans also filed objections to the Debtor's counsel's Interim Fee Application. The Bankruptcy Court conducted a hearing on the Interim Fee Application on August 29, 2018. Following the hearing, the Bankruptcy Court entered the October 10, 2018 Order allowing some of the interim fees requested but requiring further documentation as to additional fees. After the submission of further information, the Bankruptcy Court entered the October 17, 2018 Order approving the remaining fees. The Deans timely filed a notice of appeal on October 16, 2018 (Bankr. Case No. 17-32237 ECF No. 149) and a notice of amended appeal on October 19, 2018. (Bankr. Case No. 17-32237 ECF No. 156).
DISCUSSION
A. In General
The threshold issue in any federal case is whether the court has jurisdiction. The Bankruptcy Appellate Panel has jurisdiction to review (i) final judgments, orders, and decrees arising from a bankruptcy proceeding; and (ii) interlocutory orders or decrees (only with leave of court). 28 U.S.C. § 158 (a)(1), (3). Here, the Appellants did not initially seek leave to appeal, insisting that the orders granting interim fees are final. In response to the Debtor's jurisdictional arguments, however, they now request leave to appeal under Rule 8004(d) as an alternative. The Panel first considers whether the orders under review are final orders before considering whether to grant leave to appeal.
B. Appeal as of Right (Final Orders)
To begin, the Panel refers the parties to its recent opinion in BAP Case No. 18-8005, in which the Panel held that the Deans' appeal from the order denying dismissal of the case was not a final order. In re Lane , 591 B.R. 298 (6th Cir. BAP 2018). In that opinion the Panel provided an extensive analysis of finality for the parties. That analysis, which will not be repeated here, informs today's opinion.
"[A]n order of interim fees becomes final when it is no longer subject to modification by the bankruptcy court." In re Boddy , 950 F.2d 334, 336 (6th Cir. 1991).[3] The general rule that interim fees are not final, and thus not appealable, operates to avoid piecemeal appeals. Kemp, Klein, Umphrey, Endelman and May v. Veltri Metal Prod., Inc. (In re Veltri Metal Prod., Inc. ), 189 Fed. App'x 385, 387 (6th Cir. 2006). Usually, following an award of interim fees, an applicant will continue to *598 provide services and incur costs, and will apply for additional fees based on such. Additionally, interim fees remain subject to re-examination, adjustment, and disgorgement. Id. (citing Specker Motor Sales Co. v. Eisen , 393 F.3d 659, 662-63 (6th Cir. 2004) ). "In essence, an interim fee award is an advance on a later-determined total fee award." Id. (citing In re Four Seas Ctr., Ltd. , 754 F.2d 1416, 1419 (9th Cir. 1985) ). Once an applicant's role in the proceedings is at an end, the appellate court may review the award. Id. (citing In re Spillane , 884 F.2d 642, 645 (1st Cir. 1989) ("The attorney for the trustee was appointed specifically to handle the appeal on the transfer of venue. When we dismissed the appeal for lack of jurisdiction, the attorney's authorized services were terminated. Thus, further applications will not be forthcoming.... [W]e conclude that the award of attorney's fees should be treated as final.") ).
Viewing the finality of interim fee awards through the lens of Ritzen Group, Inc. v. Jackson Masonry, LLC (In re Jackson Masonry, LLC ), 906 F.3d 494 (6th Cir. 2018), does not change the Panel's analysis because the appropriate "judicial unit" (in the parlance of Jackson Masonry ) is the Debtor's bankruptcy case, rather than the firm's application or contested matter (as the Deans contend). The Bankruptcy Court made the interim fee award under 11 U.S.C. § 331 to compensate the firm for representing the Debtor "in connection with the bankruptcy case," 11 U.S.C. § 330(a)(4), and, as noted above, that award remains modifiable throughout the "case." See Specker Motor Sales Co. , 393 F.3d at 662-63 (interim awards remain modifiable); cf. 11 U.S.C. § 329 ; Fed. R. Bankr. P. 2017. Moreover, the "judicial unit" rubric of Jackson Masonry does not undermine the Sixth Circuit's observation in Boddy that "an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order" not subject to appellate review. Boddy , 950 F.2d at 336 ; see also 6 Cir. R. 32.1(b) ("Published panel opinions are binding on later panels.").
Accordingly, the Bankruptcy Court's orders granting interim fees are not final within the meaning of 28 U.S.C. § 158(a)(1). The Panel, therefore, lacks jurisdiction to reach the merits under that section.
C. Leave to Appeal (Non-Final Orders)
Even though the Panel finds that the orders granting interim fees are non-final, it still must consider whether to treat the Deans' notices of appeal as motions for leave under 28 U.S.C. § 158(a)(3). Under Rule 8004(d), the appeal of a party who mistakenly believes the order appealed from is final (and who files only a notice of appeal) is not automatically dismissed. See Fed. R. Bankr. P. 8004(d). Instead, the Panel has the option (1) to direct that a motion for leave to appeal be filed; (2) to decide exclusively on the papers already filed to grant leave to appeal; or (3) to deny leave to appeal. See Fed. R. Bankr. P. 8004(d), advisory committee's note to 2014 amendment. The Panel will consider whether to grant leave based on the papers already on file.
In deciding whether to grant leave to appeal an interlocutory order, this court has previously applied the four-part test employed by the Sixth Circuit under 28 U.S.C. § 1292(b). See Wicheff v. Baumgart (In re Wicheff ), 215 B.R. 839, 844 (6th Cir. BAP 1998). Under that statute, an appellant must show:
(1) The question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the *599 [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation.
Id. (quoting Vitols v. Citizens Banking Co. , 984 F.2d 168, 170 (6th Cir. 1993) ).
The Deans assert that "[t]here is substantial ground for difference of opinion regarding the Bankruptcy Court's erroneous interpretation of [the disclosure statement] and the application of the lodestar analysis." (Appellants' Reply Br. at 5.) Neither of those issues, nor any other issue raised by the Deans in this appeal, demonstrate any question of law that is subject to a serious difference of opinion. Rather, the issues raised by the Deans all challenge the Bankruptcy Court's application of well-settled law to the facts raised in the firm's interim fee application, and the court's discretion in making the award.
Whether to award fees and, if so, the reasonable amount of the fees are issues committed to the sound discretion of the trial court. Amer. Commercial Barge Lines Co. v. NLRB , 758 F.2d 1109 (6th Cir. 1985). Thus, a bankruptcy court's decision to award fees is reviewed for an abuse of discretion. In re Boddy , 950 F.2d at 336.
In re Scarlet Hotels, LLC , 392 B.R. 698, 701 (6th Cir. BAP 2008). The present appeal does not raise novel questions of law about which there is substantial room for disagreement - the lodestar analysis set forth in Boddy , 950 F.2d at 337, is not debatable. Nor have the Deans shown that an immediate appeal would materially advance the termination of the litigation. Therefore, no basis exists under Sixth Circuit precedent to permit the interlocutory appeal under 28 U.S.C. § 158(a)(3). The Panel, therefore, denies leave to appeal.
CONCLUSION
The Panel finds that the orders granting interim fees to the Debtor's attorney are non-final orders from which the Appellants have no appeal as of right. Notwithstanding the flexibility of Rule 8004(d), the Panel declines to grant leave to appeal because it finds no question of law, the answer to which would materially advance the litigation. The policy embodied in the requirement of finality - to discourage piecemeal appeals with their resulting delay and expense and interference with the trial court's jurisdiction - clearly resonates in this matter.
The appeal is DISMISSED for lack of jurisdiction.

Order, Bankr. Case No. 17-32237 ECF No. 143 (October 10, 2018) (granting application for interim compensation and reimbursement of expenses) ("October 10, 2018 Order") and Order, Bankr. Case No. 17-32237 ECF No. 152 (October 17, 2018) (granting additional interim fees based on amendment) ("October 17, 2018 Order").

BAP Case Nos. 18-8038 & 18-8040.

In a non-bankruptcy context, the Sixth Circuit Court of Appeals recently reaffirmed the general rule that awards of interim fees are not final for purposes of appeal where post-judgment proceedings are on-going. JPMorgan Chase Bank, N.A. v. Winget , No. 18-1143, 920 F.3d 1103, 1108-09, 2019 WL 1549861, at *4 (6th Cir. Apr. 10, 2019) ("[I]t is undisputed that this award for attorneys' fees is not the last order to be entered in the action .... [t]hus, ...the interim award of attorneys' fees is not a final, appealable decision under 28 U.S.C. § 1291.").